**E-filed 2/8/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| TIJAK WIE WONG, | ) | No. C 03-3345 JF (PR) |
|---|---|---|
| Plaintiff, | ) | ORDER OF SERVICE |
| v. | ) | |
| SALINAS VALLEY STATE PRISON, et. al., | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at Salinas Valley State Prison, filed a pro se civil rights complaint in Monterey Superior Court, alleging violations of his federal constitutional rights based upon Defendants' medical care and treatment. Defendant, Salinas Valley State Prison, removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b).

The Court initially ordered Plaintiff to file a notice of his current address and whether he wished to continue to pursue the claims set forth in his complaint. Thereafter, Plaintiff filed a notice of intent to prosecute. The Court will review the complaint pursuant to 28 U.S.C. § 1915 and order service of the complaint on the remaining Defendants.

\\\

**BACKGROUND**

On April 4, 2002, Plaintiff's blood and fingerprints were taken for a DNA sample pursuant to California Penal Code § 296(a). Plaintiff told prison staff that he felt light-headed and dizzy. Prison staff told Plaintiff that he needed to stand up to complete the fingerprinting process. Plaintiff fell, blacked out, and hit his head on the concrete floor. Plaintiff claims that prison staff continued to take his fingerprints while he laid on the floor unconscious. Medical Technical Assistant E. Willis arrived and Plaintiff was transported to the B Facility Health Services. Dr. Thor told Plaintiff to rest for awhile and then examined him. Dr. Thor checked Plaintiff's eyes and knee cap responses and prescribed Tylenol.

Approximately one week later, Plaintiff submitted a request to be seen by the doctor complaining of vomiting, dizziness, stiff neck, blurred vision and headaches. Dr. Wong examined Plaintiff on April 12, 2002. Plaintiff requested an X-ray and re-evaluation of his condition. However, Dr. Wong did not re-examine Plaintiff, or order further treatment. Plaintiff maintains that Dr. Thor and Dr. Lee falsified medical records used in his prison administrative appeal. Plaintiff names Defendants Salinas Valley State Prison ("SVSP"), SVSP Medical Department, Dr. Daniel Thor, Dr. Charles Dudley Lee and Dr. Andrew Wong at SVSP in his complaint. Plaintiff seeks injunctive relief and compensatory and punitive monetary damages.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state

1  law. West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim a plaintiff must show a specific

2  constitutional or federal guarantee safeguarding the interests that have been invaded.  Paul v.

3  Davis, 424 U.S. 693, 697 (1976).

4    B.     Plaintiff's Claim

5        Deliberate indifference to serious medical needs violates the Eighth Amendment's

6  proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

7  (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

8  WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v.

9  Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference"

10 involves an examination of two elements: the seriousness of the prisoner's medical need and the

11 nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

12       A "serious" medical need exists if the failure to treat a prisoner's condition could result

13 in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing

14 Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or

15 patient would find important and worthy of comment or treatment; the presence of a medical

16 condition that significantly affects an individual's daily activities; or the existence of chronic and

17 substantial pain are examples of indications that a prisoner has a "serious" need for medical

18 treatment.  See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir.

19 1990)).

20       A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

21 risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

22 Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

23 facts from which the inference could be drawn that a substantial risk of serious harm exists," but

24 he "must also draw the inference."  Id.  If a prison official should have been aware of the risk,

25 but was not, then the official has not violated the Eighth Amendment, no matter how severe the

26 risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

27       In order for deliberate indifference to be established, therefore, there must be a

28 purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin,

1   974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
2   1985).  A finding that the defendant's activities resulted in "substantial" harm to the prisoner is
3   not necessary, however.  Neither a finding that a defendant's actions are egregious nor that they
4   resulted in significant injury to a prisoner is required to establish a violation of the prisoner's
5   federal constitutional rights.  See McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v.
6   McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that
7   Constitution is violated "whether or not significant injury is evident")).
8        Liberally construed, Plaintiff has alleged a cognizable claim against the Defendants for
9   deliberate indifference to his medical needs.  The Court will order service of the complaint on
10  the remaining Defendants.

## CONCLUSION

12     1.   The Clerk shall issue a summons and the United States Marshal shall serve,
13  without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments
14  thereto, and copies of this order on Defendants DR. DANIEL THOR, SVSP Chief Physician and
15  Surgeon; DR. CHARLES DUDLEY LEE, SVSP Health Care Manager; and DR. ANDREW
16  WONG, SVSP Facility B Doctor.  The Clerk shall also serve a copy of this order on Plaintiff.
17     2.   In order to expedite the resolution of this case, the Court orders as follows:
18       a.   No later than **sixty (60) days** from the date of this order, Defendants shall
19  file a motion for summary judgment or other dispositive motion, or shall notify the Court that
20  Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion
21  shall be supported by adequate factual documentation and shall conform in all respects to
22  Federal Rule of Civil Procedure 56.
23  **Defendants are advised that summary judgment cannot be granted, nor qualified**
24  **immunity found, if material facts are in dispute.  If Defendants are of the opinion that this**
25  **case cannot be resolved by summary judgment, they shall so inform the Court prior to the**
26  **date the summary judgment motion is due**.
27       All papers filed with the Court shall be promptly served on Plaintiff.
28       b.   Plaintiff's opposition to the dispositive motion shall be filed with the

Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   3. All communications by the Plaintiff with the Court must be served on Defendant,

1  or Defendants' counsel once counsel has been designated, by mailing a true copy of the
2  document to Defendant or Defendants' counsel.
3  \\\
4      4.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
5  and the parties informed of any change of address and must comply with the Court's orders in a
6  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
7  pursuant to Federal Rule of Civil Procedure 41(b).
8      5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
9  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
10 required before the parties may conduct discovery.
11     IT IS SO ORDERED.
12 DATED:  2/8/07
                                                JEREMY FOGEL
13                                              United States District Judge

1
2
3
4  A copy of this ruling was mailed to the following:
5
6  Tijak Wie Wong
   J-49600
   Salinas Valley State Prison
7  P.O. Box 1040
   Soledad, CA  93960-1040
8
9  Kay K. Yu
   CA Attorney General's Office
10 455 Golden Gate Avenue
   Suite 11000
11 San Francisco, CA  94102
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Service
P:\pro-se\sj.jf\cr.03\Wong345srv                7